Bobby Ray SCHEAFFER, Jr., Plaintiff–Appellant,

v.

CARPENTERS LOCAL 377, Defendant–Appellee.

No. 03–3636.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 20, 2004.*

Decided Feb. 24, 2004.

Bobby Scheaffer, pro se, Bethalto, IL, for Plaintiff–Appellant.

Greg A. Campbell, Diekemper, Hammond, Shinners, Turcotte & Larrew, St. Louis, MO, for Defendant–Appellee.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

ORDER

Bobby R. Scheaffer, Jr., was fired from his job as a carpenter after the refinery

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

where he worked changed ownership. Almost two years after he was fired, Scheaffer brought this *pro se* suit against his union, Carpenters Local 377 (the "Union"), alleging that the Union inadequately represented its members during the takeover. The district court granted summary judgment to the Union. We affirm.

Scheaffer worked at the Wood River Refinery, where he was represented by the Union. In 2000 Equilon Enterprises announced that it was selling the refinery to Tosco Refining Company. Tosco decided that it would hire only seventeen of the twenty-one carpenters then employed at the refinery; Scheaffer was one of the carpenters not hired. Before Tosco took control of the refinery, the Union negotiated a collective bargaining agreement ("CBA") to cover the carpenters who would continue to work for Tosco. Scheaffer neither participated in the negotiations over the terms of the new CBA nor voted on the new agreement. He was terminated effective May 31, 2000.

In a somewhat rambling complaint, Scheaffer accused Union officials of self-dealing during negotiations with Tosco; he alleged that officials had "secret meetings" with Tosco representatives, bribed employees to vote to approve the new CBA, and failed to protect other members' seniority in order to keep their own jobs. Scheaffer also alleged that Union officials illegally prohibited him from voicing his concerns about the takeover by refusing to allow him to participate in negotiations with Tosco or to vote on the Tosco contract.

The district court construed Scheaffer's allegations by grouping them into four categories—only two of which Scheaffer challenges on appeal—and granted summary judgment to the Union. For relevant purposes here, the court observed that Scheaffer's contentions about the Union's self-dealing could allege either a breach of the Union's duty of fair representation or a violation of § 501 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 501(b). The court concluded, however, that both claims would be barred: any breach-of-fair-representation claim was untimely, and Scheaffer had not met the prerequisites for bringing suit under § 501. As for Scheaffer's argument that the Union illegally refused to let him participate in the Tosco negotiations, the court reasoned that he would not be affected by the Tosco contract, and thus would have no right to vote on it under § 101 of the LMRDA, 29 U.S.C. § 411(a). Accordingly, the court concluded, he could not state a claim under § 101.

Scheaffer's disjointed brief on appeal lacks citations to the record and to any legal authority, *see* Fed. R.App. P. 28(a)(9), but we can discern a generalized challenge to the district court's conclusion that his claim alleging a breach of the duty of fair representation was untimely. Claims against unions for breach of the duty of fair representation, implied under the National Labor Relations Act, *see DelCostello v. Teamsters*, 462 U.S. 151, 164, 103 S.Ct. 2281, 76 L.Ed.2d 476 n. 14 (1983), are subject to a six-month statute of limitations, *id.* at 154–55, 103 S.Ct. 2281. *See Chapple v. Nat. Starch & Chem. Co.*, 178 F.3d 501, 505 (7th Cir.1999); *Johnson v. Graphic Comm. Int'l Union*, 930 F.2d 1178, 1183 (7th Cir.1991). The six-month statute of limitations began to run when Scheaffer's ability to file a grievance expired thirty days after his termination. *See Christiansen v. APV Crepaco*, 178 F.3d 910, 914 (7th Cir.1999). Scheaffer, however, did not file this suit until May 10, 2002, almost eighteen months after the statute of limitations expired.

Scheaffer also disputes the district court's conclusion that because he did not first demand that the union bring suit

against an individual officer, he cannot challenge the Union's actions under § 501 of the LMRDA. Scheaffer argues that he previously had counsel who "notified the union that it was going to be sued ... to see if they would take care of any of their responsibilities." But Scheaffer does not support this argument by pointing to any evidence showing that the attorney made the requisite demand on the union. *See Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 666 (7th Cir.1992). We note, too, that § 501 imposes liability only on individual union officers; since Scheaffer sued only the Union, a claim under § 501 cannot succeed. 29 U.S.C. § 501(b) (authorizing suit against an "officer, agent, shop steward, or representative" of a union); *see Guidry v. Sheet Metal Workers Nat. Pension Fund,* 493 U.S. 365 n. 16, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990).

Scheaffer next argues that the district court should have considered his allegations under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which has a longer statute of limitations and no prerequisites to filing. This argument is a non-starter; § 301 governs suits against an employer, and Scheaffer has sued only the Union. *See Johnson,* 930 F.2d at 1181.

Finally Scheaffer renews an argument he pressed before the district court—namely that the Union illegally prohibited him from negotiating or voting on the Tosco agreement. Section 101 specifies that union members have the right to vote and to "express any views, arguments, or opinions." *Id.* But the LMRDA includes no cause of action against the union for infringing on those rights. *See Konen v. Int'l Bhd. of Teamsters, Local 200,* 255 F.3d 402, 409 (7th Cir.2001). Scheaffer does not assert that he was disciplined by

the Union, and he did not sue Equilon or Tosco. *See id.* at 410. Further, as the district court noted, § 101 grants union members the right to vote on a CBA only when the union's constitution, bylaws or articles so provide. *See Talbot,* 961 F.2d at 666. Scheaffer does not contend that the Union's constitution granted him the right to participate in the negotiations and vote on the Tosco agreement, which did not apply to him since he was not employed by Tosco. *See id.*

AFFIRMED.